UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BUCHANAN, *et al.*,

    Plaintiffs,

                                                Case No. 12-13666

v.

                                                Hon. John Corbett O'Meara

OAKLAND COUNTY, *et al.*,

    Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT
ON THE PLEADINGS, GRANTING PLAINTIFFS' MOTION TO AMEND
AND DENYING DEFENDANTS' MOTION FOR SANCTIONS**

Before the court are Defendants' motion for judgment on the pleadings, Defendants' motion for sanctions, and Plaintiffs' motion to amend the complaint. The court heard oral argument on March 7, 2012, and took the matter under advisement.

## BACKGROUND FACTS

Plaintiffs are property owners in Highland Township, Michigan, who oppose the designation and establishment of a "drainage district" in their neighborhood. Plaintiffs live on or near Lower Pettibone Lake. In 2009, certain property owners surrounding the lake applied for the designation of a drainage district with the Oakland County Water Resources Commissioner ("OCWRC"), so that a sewer could be constructed. The application was submitted in accordance with the Drain Code, M.C.L. 280.51, which requires it to be signed by "not less than 10 freeholders of the township or townships in which such proposed drain . . . may be situated."

On March 15, 2010, the Water Resource Commissioner, John P. McCulloch, entered an order designating a drainage district "to be known as the Lower Pettibone (Lake) Sanitary

Drain." On August 17, 2010, a petition for constructing a new drain was filed with the OCWRC by a group of property owners pursuant to M.C.L. 280.71, which requires such a petition to be "signed by a number of freeholders in said drainage district whose lands would be liable to an assessment for benefits, equal to ½ the number of freeholders whose lands would be traversed by the drain or drains applied for or abut on any highway or street along the side of which such drain extends, between the point where the drain enters such highway and the point where it leaves such highway and which lands are within the drainage district."

To act upon the petition, the OCWRC convened a board of determination pursuant to M.C.L. 280.72. A hearing before the board was held on October 18, 2010, to determine whether the drain requested in the petition was necessary and conducive to public health, convenience, and welfare. See M.C.L. 280.72(c). The board heard from both those in favor of and those against the project. Following deliberations, the board issued an order of necessity dated October 18, 2010.

Pursuant to M.C.L. 280.72a, "any person feeling aggrieved by the determination [of the board of determination] may institute an action in the circuit court for the county in which the real property is located for a determination of necessity." In accordance with this provision, Plaintiff Oliver Hayman filed a claim of appeal to the Oakland County Circuit Court on October 28, 2010.

OCWRC filed the administrative record on November 15, 2010, then filed a motion to dismiss the appeal on November 29, 2010, arguing the Hayman had failed to comply with M.C.R. 7.105 (appeals from administrative agencies).[1] The circuit court denied the motion to

---

[1] The version of M.C.R. 7.105 effective until May 1, 2012, is applicable to this case.

dismiss, but granted Hayman's request to proceed under M.C.R. 7.105.

On February 2, 2011, OCWRC filed a second motion to dismiss the administrative appeal because Hayman failed to prosecute his appeal pursuant to M.C.R. 7.105.  On the same date, Hayman filed an amended petition for review, adding new parties seeking review.  On February 24, 2011, the circuit court granted the motion to dismiss for failure to prosecute the administrative appeal in conformance with M.C.L. 7.105.  Hayman filed a motion for reconsideration, which was denied on April 11, 2011.  Hayman's application for leave to appeal to the Michigan Court of Appeals was denied on January 6, 2012.

To acquire the necessary easements to construct the sewer system, a condemnation action has been filed and is currently pending in Oakland County Circuit Court.  See Lower Pettibone Lake Sanitary Drain Drainage District v. Reid's Subdivision Association, No. 2012-130595.  All of the plaintiffs in this action are defendants in the condemnation action, except for Michael Warren, who accepted the good faith offer that was tendered to him.

Plaintiffs filed this action on August 17, 2012, alleging various federal and state constitutional violations, as follows: Count One, federal procedural due process (lack of notice of designation of drainage district); Count Two, federal substantive due process/First Amendment (right to assemble and voice concerns about drainage district); Count Three, federal substantive due process (taking in violation of Fifth Amendment); Count Four, federal equal protection (disparate treatment with respect to participating/voting on designation of drainage district); Count Five, state equal protection; Count Six, violation of Michigan Constitution and M.C.L. 280.71, because drainage district "not authorized by law"; and Count Seven, violation of Michigan Constitution and M.C.L. 280.72, because appointment of board of determination was

contrary to law. Defendants seek dismissal of Plaintiffs' claims because (1) the claims related to the establishment of the drainage district are barred by res judicata; and (2) the takings claims are not ripe.

## LAW AND ANALYSIS

### I. Standard of Review

Defendants have filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The standard of review under Rule 12(c) is the same as the standard under Rule 12(b)(6). See Lindsay v. Yates, 498 F.3d 434, 438 (6th Cir. 2007). Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Id. at 570. See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. See also Hensley Manuf. v. Propride, Inc., 579 F.3d 603, 609 (6th Cir. 2009).

### II. Res Judicata

This court must give the same preclusive effect to a Michigan state court judgment that a Michigan court would give. See Parsons Steel, Inc. v. First Ala. Bank, 474 U.S. 518, 523 (1986). The Michigan Supreme Court "has taken a broad approach to the doctrine of res

judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." Adair v. State, 470 Mich. 105, 680 N.W. 2d 386, 396 (2004).  The doctrine bars a subsequent action when "(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." Sewell v. Clean Cut Mgmt., Inc., 463 Mich. 569, 621 N.W.2d 222, 225 (2001).

 Defendants contend that Plaintiffs' claims regarding the "procedures that were followed in the administrative process that led to the creation of the Drainage District" are barred by res judicata because those claims were or should have been raised in the administrative appeal. Plaintiffs' claims in this regard involve the federal rights of procedural due process, substantive due process, free expression and assembly, and equal protection.  Adjudication of these federal rights is beyond the scope of a state administrative appeal.  See Get Back Up, Inc. v. City of Detroit, 878 F.Supp.2d 794, 804 (E.D. Mich. 2012).  The circuit court's review of a board of determination's finding of necessity for a drain project "is restricted to determining whether the decision was authorized by law and whether the board's findings of fact are supported by competent, material and substantial evidence on the whole record." Hitchingham v. Washtenaw Cty. Drain Comm'r, 179 Mich. App. 154, 160-61, 445 N.W.2d 487 (1989).  Accordingly, the administrative appeal is not preclusive with respect to Plaintiffs' federal claims because "under Michigan Supreme Court authority, claims arising under federal law are not properly raised or adjudicated in the context of an administrative appeal." Id.  See also Houdini Properties LLC v. City of Romulus, 480 Mich. 1022, 743 N.W.2d 198, 198-99 (2008) (zoning board appeal was not

res judicata on the plaintiff's constitutional claims).

Plaintiffs also raise claims under the Drain Code, M.C.L. 280.71, 280.72, regarding whether proper procedures were followed in the petition and in the appointment of the board of determination (Counts Six and Seven).  These claims should have been adjudicated in the administrative appeal, because they address whether "the board of determination properly complied with the applicable procedural requirements of the Drain Code in conducting its hearing and reaching its decision and [whether] it issued an order it had the authority to issue." Hitchingham, 179 Mich. App. at 161 n.2.  It is not clear, however, that the administrative appeal involved the same parties or their privies.  Although Plaintiff Hayman attempted to add new parties to the appeal, it was dismissed for failure to prosecute before a ruling on that issue.  There is no evidence that Hayman was otherwise in privity with the other plaintiffs here.  For these reasons, the court will deny Defendants' motion with respect to their res judicata argument.

## III.   Ripeness

Defendants also argue that Plaintiffs' takings claims are not ripe.  "Ripeness is more than a mere procedural question; it is determinative of jurisdiction.  If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." Bigelow v. Michigan Dept. of Natural Resources, 970 F.2d 154, 157 (6th Cir. 1992) (citation omitted).

In this context, a takings claim is not ripe until a plaintiff has sought just compensation under state procedures and has been denied.  Williamson Cty. Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 194 (1985).  "The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." Id.  Therefore, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a

violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Id. at 195.  In this case, a state condemnation action is pending.  Plaintiffs have not yet been denied just compensation for any alleged taking.  Therefore, Plaintiffs' takings claim is not ripe and it must be dismissed.

## IV. Motion to Amend

Plaintiffs seek to amend their complaint to add two new plaintiffs (James Izzi and Ron Izzi) and one new cause of action, Count Eight.  In Count Eight, Plaintiffs contend that the Drain Code is unconstitutional because it does not provide sufficient substantive and procedural due process in giving residents notice and a voice in the designation of a drainage district, nor does it provide a remedy for the improper designation of a drainage district.  Defendants oppose Plaintiffs' motion to amend, mainly on futility grounds.  As discussed above, however, Plaintiffs' constitutional claims will survive Defendants' motion to dismiss.

Defendants oppose the addition of the Izzi plaintiffs because they contend that they are not within the drainage district and will not be assessed for the costs of construction or operation of the sewer.  Plaintiffs contend, however, that the Izzi plaintiffs (and other plaintiffs) that do not live on the lake nonetheless are all joint owners of two access lots that are on the lake.  These access lots are part of the drainage district.  Accordingly, Plaintiffs contend that they could be liable for problems with the sewer, such as the release of hazardous substances.  Defendants argue that the plaintiffs who do not live on the lake ("Upper Ridge" Plaintiffs) are not owners of the access lots, but only have an easement and will not be liable for anything.  These issues go to the merits of Plaintiffs' claims and have not been briefed sufficiently such that the court could find that amendment would be futile.  The court will permit Plaintiffs to amend their complaint,

providing that they do so consistent with the court's ruling on Defendants' motion to dismiss.

### V. Motion for Sanctions

Defendants seek Rule 11 sanctions against Plaintiffs. For the reasons discussed above, Defendants have not demonstrated that Plaintiffs' action is frivolous. The court will deny the motion for sanctions.

### ORDER

IT IS HEREBY ORDERED that Defendants' motion for judgment on the pleadings is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

IT IS FURTHER ORDERED that Plaintiffs' motion to amend the complaint is GRANTED, consistent with this opinion and order.

IT IS FURTHER ORDERED that Defendants' motion for sanctions is DENIED.


                                        s/John Corbett O'Meara
                                        United States District Judge

Date: March 8, 2013


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 8, 2013, using the ECF system.

                                        s/William Barkholz
                                        Case Manager