UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BUCHANAN, *et al.*,

    Plaintiffs,

v.

OAKLAND COUNTY, *et al.*,

    Defendants.
_____/

Case No. 12-13666

Hon. John Corbett O'Meara

**ORDER DENYING DEFENDANTS' MOTION FOR
ATTORNEY'S FEES AND GRANTING MOTION FOR COSTS**

Before the court are Defendants' motions for attorney's fees and for costs, which have been fully briefed. The court granted summary judgment in favor of Defendants on March 6, 2014. Defendants now seek attorney's fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927, as well as costs pursuant to Federal Rule of Federal Procedure 54(d)(1).

A prevailing defendant in an action brought pursuant to 42 U.S.C. § 1983 may recover attorney fees pursuant to 42 U.S.C. § 1988. However, "[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." Jones v.

Continental Corp., 789 F.2d 1225, 1232 (6th Cir. 1986).  A "plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable or groundless." Id. (quoting Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)).

The court may also award attorney fees pursuant to 28 U.S.C. § 1927 against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." Id.  Sanctions are appropriate under this provision against counsel who "knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." Jones, 789 F.2d at 1230.

Although the court ultimately found Plaintiffs' claims to be meritless, it does not find them to be frivolous, nor does it find that Plaintiffs' counsel engaged in unreasonable or vexatious litigation tactics.  Indeed, Plaintiffs survived Defendants' motion to dismiss and the court ruled that Plaintiffs' complaint was not frivolous at the outset.  As the Supreme Court has exhorted, the court will "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christianburg, 434 U.S. at 421.  This case does not present a "truly egregious case of misconduct" warranting sanctions

pursuant to 42 U.S.C. § 1988 or 28 U.S.C. § 1927.

As the prevailing party, Defendants also seek costs in the amount of $2,096.40 pursuant to Federal Rule of Civil Procedure 54(d)(1). Defendants submitted a bill of costs to the Clerk of the Court, which was rejected because it did not include supporting invoices. Defendants seek costs associated with the deposition transcripts of John Buchanan, Lawrence Rutka, and Denise Blair (Matteson), portions of which were used to support Defendants' motion for involuntary dismissal and motion for summary judgment. Docket Nos. 50, 53. Defendants have corrected the original defect and have supplied invoices for those transcripts. The court finds that these deposition transcripts were reasonably necessary for this litigation and are therefore taxable. See Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989) ("Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling.").

IT IS HEREBY ORDERED that Defendants' motion to review clerk's denial of Defendants' bill of costs is GRANTED and that costs are awarded against Plaintiffs, jointly and severally, and in favor of Defendants in the amount of $2,096.40.

IT IS FURTHER ORDERED that Defendants' motion for attorney's fees is DENIED.

s/John Corbett O'Meara  
United States District Judge

Date:  June 24, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 24, 2014, using the ECF system.

s/William Barkholz  
Case Manager